IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOSEPH CHARLES CAMPA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:21-CV-004-Z-BR |
| | § | |
| THE STATE OF TEXAS, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF CORAM NOBIS**

Joseph Charles Campa ("Petitioner") filed a *Petition for a Writ of Coram Nobis*. (ECF 3). The undersigned United States Magistrate Judge recommends petitioner's application for a writ of coram nobis be DISMISSED WITHOUT PREJUDICE for want of jurisdiction.

## I. STATEMENT OF THE CASE

Petitioner is currently incarcerated in the Texas Department of Criminal Justice at the Smith Unit in Lamesa, Texas. *See* The Texas Department of Criminal Justice Offender Information Details at https://offender.tdcj.texas/gov/OffenderSearch/offenderDetail.action?sid=50409387. Petitioner is in custody for the offenses of continuous sexual abuse of a child (life sentence), prohibited sexual conduct (twenty-year sentence), and three counts of sexual assault of a child (twenty-year sentences for each count). *See State v. Campa*, Nos. 9718, 9719, 9720, 9721, 9722 (31st Jud. Dist. Ct., Gray County, Tex. Aug. 17, 2016), *aff'd*, *Campa v. State*, slip op. no. 07-16-00306-CR; 07-16-00307-CR; 07-16-00308-CR; 07-16-00309-CR; 07-16-00310-CR, 2018 WL 3193472 (Tex. App.-Amarillo, June 28, 2018). Although petitioner's pleading is difficult to follow in its entirety, it appears he seeks to challenge all five of these 2016 convictions by his writ of coram nobis. (ECF 3 at 1) (listing all five state court case numbers in the caption of his writ).

## II.     PETITIONER'S ALLEGATIONS

Petitioner contends he is entitled to relief under Rule 60(b) of the Federal Rules of Civil Procedure for the following reasons:

> The State of Texas committed fraud, misrepresentation, and misconduct in the presentation of evidence against him at trial. (ECF 3, at 1-3). Petitioner is factually innocent of the charges against him and several constitutional errors were committed during the investigation and trial stages of his criminal process. (*See id*., at 3-14).

## III.     ANALYSIS

Coram nobis is an "extraordinary remedy available to a petitioner no longer in custody who seeks to vacate a criminal conviction in circumstances where the petitioner can demonstrate civil disabilities as a consequence of the conviction, and that the challenged error is of sufficient magnitude to justify the extraordinary relief." *See Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996). The Court lacks jurisdiction of the petitioner's application for a writ of coram nobis. *See Back v. Amarillo Police Dep't*, 673 Fed. Appx. 458, 458–59 (5th Cir. 2017) (per curiam) (finding "no authority to grant coram nobis relief to a state prisoner seeking to attack a state court judgment"). The writ must be filed in the state court of conviction. *See Sinclair v. State of Louisiana*, 679 F.2d 513, 514 (5th Cir. 1982) (per curiam) ("It is well settled that the writ of error coram nobis is not available in federal court to attack state criminal judgments."); *Blake v. Florida*, 395 F.2d 758, 759 (5th Cir. 1968) (per curiam) (concluding writ of coram nobis must be filed with the convicting court).

Although a federal court can have jurisdiction over a writ of coram nobis *after a prisoner is released from custody* on the state court charges (when the case is later used to enhance another sentence), this is not the situation here. *See United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004). A writ of coram nobis is only ever available where "no other remedy may be available." *See United States v. Marcello*, 876 F.2d 1147, 1154 (5th Cir. 1989). Here, petitioner must seek the

available relief in state court. Thus, this application for writ of coram nobis must be dismissed for want of jurisdiction.

## IV. FINAL FINDINGS AND CONCLUSIONS

The undersigned makes the following FINDINGS AND CONCLUSIONS:

1. The Court lacks jurisdiction over the petitioner's writ of coram nobis because petitioner is currently in custody on his state court conviction that is the subject of his challenge.

2. Petitioner's motion is not construed as a habeas corpus petition under 28 U.S.C. § 2254 because petitioner has not indicated he has exhausted his state court remedies and thus his claims must first be brought in state court.

## V. ORDER

It is ORDERED:

1. Petitioner's Motion to Waive Garnishment of Fees (ECF 5) is DENIED. Petitioner seeks a waiver of the $5.00 filing fee for his petition, but failed to provide documentation of his inability to pay the fee. However, the undersigned finds that it is more efficient to dismiss the petition than to require compliance with the Court's filing requirements in this particular instance.

2. Petitioner's Motion for Ruling (ECF 6) is DENIED as moot, pursuant to the issuance of this Order.

3. The Clerk of Court shall terminate these motions pursuant to this Order.

## VI. RECOMMENDATION

For the above reasons, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of coram nobis filed by petitioner Joseph Charles Campa be DISMISSED WITHOUT PREJUDICE for want of jurisdiction.

## VII. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED May 27, 2021.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).